# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEVE BERRY,

    Petitioner,

v.                                              CASE NO. 8:10-CV-79-T-30MAP
                                                 CRIM. CASE NO. 8:06-CR-349-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is Petitioner's Motion for Reconsideration Pursuant to the Fed. R. Civ. Proc. Rule 59(e) ("motion for reconsideration") (CV Dkt. #7) in which Petitioner asks the Court to reconsider its March 5, 2010 order dismissing his § 2255 motion to vacate his sentence as time-barred.

**Background**

On October 16, 2006, Petitioner executed a plea agreement in which he agreed to enter a plea of guilty as to Count One of the Indictment, conspiracy to possess with intent to distribute 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 (CR Dkt. #94). On February 14, 2007, Petitioner appeared for sentencing (CR Dkt. #171). The Court imposed a sentence of 135 months imprisonment to be followed by a 5 year term of supervised release and entered an amended judgment on

February 22, 2007 (CR Dkt. #173). Petitioner did not file a direct appeal.

On January 12, 2010, Petitioner filed his pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (hereinafter "motion") (CV Dkt. #1). On January 21, 2010, the Court ordered Petitioner to show cause why the motion should not be dismissed as time barred (CV Dkt. #4). On February 3, 2010, Petitioner filed his response to the order to show cause (CV Dkt. #5). On March 5, 2010, the Court dismissed the motion as time-barred (CV Dkt. #6). On March 16, 2010, Petitioner filed his motion for reconsideration (CV Dkt. #7).

**Discussion**

Petitioner's motion for reconsideration was filed pursuant to Fed.R.Civ.P. Rule 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)(quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). In his motion for reconsideration, Petitioner does not present newly-discovered evidence. Therefore, Petitioner relies on the need to correct a manifest error of law or fact to justify reconsideration of this Court's order dismissing his § 2255 motion as time-barred.

In his motion for reconsideration, Petitioner essentially argues that the Court erred in finding his § 2255 motion was time-barred because: 1) it was filed within one year from the Supreme Court's decision in *Chambers v. United States*, 129 S.Ct. 840 (2009); 2) he asserted that the Court lacked jurisdiction to sentence him, and a claim of lack of jurisdiction may be raised at any time; and 3) he is actually innocent of the sentence enhancement.

**Analysis**

First, Petitioner's claim that his § 2255 motion was timely because it was filed within one year of the decision in *Chambers* is without merit. Petitioner asserted in his § 2255 motion that his prior conviction for carrying a concealed firearm does not qualify him for the sentence enhancement because it is not a crime of violence. This "right" was initially recognized in *Begay v. United States*, 128 S. Ct. 1581 (2008). *See Frederick v. United States*, 2009 U.S. Dist. LEXIS 124340 at *18-19 (S.D. Fla. 2009) ("This Court finds...that *Begay* announced a new substantive rule such that the conduct of carrying a concealed firearm no longer constitutes a prior conviction capable of being used to enhance a sentence under § 924(e)(2)...In light of *Begay* and *Archer*, a prior conviction for carrying a concealed firearm no longer qualifies as a predicate offense under the Guidelines or the ACCA."). Petitioner did not file his § 2255 motion within one year from the decision in *Begay*. Consequently, the § 2255 motion was untimely.[1]

Second, Petitioner's claim that his § 2255 motion was not time-barred because his claim that this Court lacked jurisdiction to enhance his sentence may be raised at any time is without merit. Petitioner's claim is not a jurisdictional claim. Instead, the claim challenges the length of the sentence, and asserts that the Court erroneously calculated the sentence under the guidelines. *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction

---

[1] 28 U.S.C. § 2255(f)(3) states that the limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

of the court or assert that the judge exceeded the statutory maximum."). *See also United States v. Graham*, 2007 U.S. Dist. LEXIS 99154 *8 (N.D. Fla. Nov. 29, 2007) ("An alleged error in sentencing does not divest this Court of jurisdiction, *see* 18 U.S.C. § 3231 (district court has original jurisdiction of 'all offenses against the laws of the United States[.]'")). Accordingly, Petitioner's "lack of jurisdiction" claim is without merit.

Finally, Petitioner's claim that he is actually innocent of the sentence enhancement does not entitle him to relief from the Court's order dismissing his § 2255 motion as time-barred. The Eleventh Circuit Court of Appeals has "never held that an 'actual innocence' exception exists to AEDPA's one-year statute of limitations." *Justo v. Culliver*, 317 Fed. Appx. 878, 880 (11th Cir. 2008) (unpublished opinion). Further, neither the Supreme Court or the Eleventh Circuit has extended the actual innocence doctrine to the non-capital sentencing context.[2] *See Dretke v. Haley*, 541 U.S. 386, 393-94 (2004) ("We are asked in the present case to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. We decline to answer the question in the posture of this case and instead hold that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."). Therefore, the Court finds that Petitioner fails to demonstrate a manifest error of law or fact in this Court's decision dismissing his § 2255 motion as time-

---

[2] Petitioner does not assert that he is actually innocent of his prior conviction of carrying a concealed firearm. He only argues actual innocence of the sentence enhancement because carrying a concealed firearm is not, under the current law, a crime of violence.

barred.

Accordingly, the Court **ORDERS** that Petitioner's Motion for Reconsideration Pursuant to the Fed. R. Civ. Proc. Rule 59(e) (CV Dkt. #7) is **DENIED**.

**CERTIFICATE OF APPEALABILITY GRANTED**

**IT IS FURTHER ORDERED** that Petitioner is entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue …only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000).

Petitioner has met this standard on one issue only. Based on *Begay* and *Archer*,[3] there is no doubt that Petitioner's two prior convictions of carrying a concealed firearm[4] no longer constitute "crimes of violence" for purposes of classifying him as a career offender under the

---

[3] *United States v. Archer*, 531 F.3d 1347 (11th Cir.2008).

[4] See Presentence Investigation Report at ¶51.

Sentencing Guidelines. Petitioner argues, therefore, that he is actually innocent of the career offender enhancement. There is a circuit split with regard to the application of the "actual innocence" doctrine within the context of a noncapital sentence. *See Haley v. Cockrell*, 306 F.3d 257, 265 (5th Cir. 2002) ("The Eighth, Seventh, and Tenth Circuits have held that in the sentencing context, the actual innocence exception applies only to sentencing in capital cases...In contrast, the Fourth and Second Circuits have applied the actual innocence exception to sentencing in noncapital cases."). Thus, a jurist of reason might decide the issue either way.

Also, several federal circuit courts of appeals have held that actual innocence is not an exception to the AEDPA limitation period if there is no other basis for equitable tolling. *See e.g. Flanders v. Graves*, 299 F.3d 974, 976-78 (8th Cir. 2002); *Araujo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005) ("actual innocence is not a freestanding exception to [the statute of limitation]"). Other federal circuit courts of appeals, however, have held that there is an actual innocence exception to the AEDPA's limitation period. *See e.g. Souter v. Jones*, 395 F.3d 577, 601-02 (6th Cir. 2005) ("equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate"); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent...") (citation omitted). Thus, a jurist of reason might decide the issue either way.

Consequently, a certificate of appealability is issued on the question of whether the "actual innocence" doctrine applies within the context of challenging a predicate offense

6

utilized to classify a defendant as a career offender, and if so, whether an "actual innocence" exception exists to AEDPA's one-year limitation period.

**DONE** and **ORDERED** in Tampa, Florida on May 5, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner